UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jake B Maynard,  #386685;<br><br>                Plaintiff;<br><br>vs.<br><br>J. Al Cannon, Sheriff Charleston County; Charleston County Detention Center (CCDC); North Charleston Mayor K. Summey; City of North Charleston; Rodney Davis, Esq; Captain Smith, CCDC; the County of Charleston; and the County Attorney for Charleston County;<br><br>                Defendants. | C/A No.8:06-0350-CMC-BHH<br><br>**Report and Recommendation** |

The Plaintiff, Jake Maynard (hereafter, the "Plaintiff") is a state prisoner proceeding *pro se*. He appears to seek relief pursuant to Title 42, United States Code §1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## **BACKGROUND**

Plaintiff is a state prisoner, apparently a pre-trial detainee in custody of the Charleston County Detention Center (CCDC) in North Charleston, South Carolina. Plaintiff indicates that he is currently charged with Criminal Domestic Violence (CDV) (Third Offense). Plaintiff states that he was arrested on December 18, 2004, on a previous charge of CDV. He claims that on February 11, 2005, he was sentenced to "time served" for the CDV offense and that he should have been released at the time. Plaintiff alleges

1

that his contacts with Defendant Smith at the CCDC as well as letters to the office of the Charleston County Attorney were unavailing. He complains that he was unlawfully detained until March 7, 2005. In Special Interrogatories, the undersigned sought to learn the name of the court and case number or to receive a copy of the court order allegedly entered on February 11, 2005. Plaintiff has filed answers to the Special Interrogatories but has declined to provide either the court information or a copy of the order.

In addition to the above named Defendants, Plaintiff sues the City of North Charleston, its Mayor, Charleston County, its Sheriff, the CCDC itself and his own trial attorney. Plaintiff seeks Seven Hundred Fifty Thousand Dollars ($750,000.00) as monetary damages for the alleged detention beyond the expiration of his sentence.

### *Pro Se* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S .97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him or her. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a

court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

The State of South Carolina (including agencies of state government) is immune from suit under the Eleventh Amendment to the United States Constitution. Most often the issue of Eleventh Amendment immunity arises when a Congressional statute attempts to broaden federal court's jurisdiction over the states. Cases which re-affirm this immunity are almost too numerous to cite, but a sample would include: *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *College Savings Bank v. Florida Prepaid Education Expense Board*, 527 U.S. 666 (1999); *College Savings Bank v. Florida Prepaid Education Expense Board*, 527 U.S. 627 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Blatchford v. Native Village of Noatak*, 501 U.S. 775 (1991); *Alabama v. Pugh*, 438 U.S. 781 (1978); and ultimately, *Hans v. Louisiana*, 134 U.S. 1 (1890)

The United States Court of Appeals for the Fourth Circuit has considered the role of Sheriffs in the State of South Carolina and has specifically determined that, in their official capacities, they are immune as agents of the government of South Carolina. *See Harter v. Vernon*, 101 F. 3d 334 (4th Cir. 1996); *Cromer v. Brown*, 88 F. 3d 1315 (4th Cir. 1996). Sheriff Cannon should be dismissed without issuance or service of process.

Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Charleston County Detention Center is not a "person"

3

subject to suit under 42 U.S.C. § 1983.  *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890 (E.D.Va. 1992) ("the jail itself is not an individual, a corporation, a partnership, or an unincorporated association...it lacks capacity to be sued as a jail,"); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  CCDC should be dismissed without issuance or service of process.

Plaintiff alleges no specific conduct by Defendant Summey as Mayor of North Charleston.  He fails to state a claim to which this Defendant could answer.  Moreover, this Court would be unable to determine the relief to be granted.  Similarly, Plaintiff makes no express allegations of conduct or policy supporting unlawful extensions of criminal sentences on the part of either the City of North Charleston or Charleston County.  The doctrine of *respondeat superior* generally is inapplicable to §1983 suits.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977).  Defendant Summey, the City of North Charleston and Charleston County should be dismissed as parties defendant in this action.

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-

4

appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).  Ultimately, legal malpractice or tortious action cannot support a recovery under 42 U.S.C. §1983.  *Fletcher v Hook*, 446 F. 2d 14 (3rd Cir. 1971); *Smith v Clapp*, 436 F. 2d 590  (3rd Cir. 1970).

Negligence and legal malpractice are causes of action under South Carolina law.  See *Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991).  A civil action for negligence and legal malpractice would be cognizable in this Court under  28 U.S.C. § 1332 (the "diversity" statute), if the statutory requirements are satisfied.  *See Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992).  It is clear from the allegations contained in the Complaint, however, that the Plaintiff and Defendant Davis are South Carolina residents, thus precluding any diversity jurisdiction in this case.   Defendant Davis should be dismissed.

## **RECOMMENDATION**

Defendants Cannon, Summey and Davis, together with the CCDC, City of North Charleston and Charleston County should not be required to answer this  action. The two remaining defendants – Captain Smith and the Charleston County Attorney – should be served. Plaintiff's attention is directed to the Notice on the following page.

                                   Respectfully submitted,

                                   S/Bruce H. Hendricks
                                   United States Magistrate Judge

March 14, 2006
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**